# STATE OF VERMONT

SUPERIOR COURT                                          ENVIRONMENTAL DIVISION
Vermont Unit                                               Docket No. 36-3-13 Vtec

---

| Zaremba Group Act 250 Permit |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Alter (Motion 2)
Filer:          Natural Resources Board
Attorney:       Peter Gill
Filed Date:     February 24, 2014

Response in opposition filed on 03/03/2014 by Attorney David R. Cooper for Appellee Zaremba Group, LLC

**The motion is DENIED.**

The Vermont Natural Resources Board (the NRB) is an interested party in this appeal and has been present throughout the consideration of all issues including the three day merits hearing. The NRB did not play an active role in the trial but had the right and opportunity to contribute its legal arguments in response to any and all issues raised, including Zaremba Group, LLC's post-trial motion to dismiss Mr. Cunningham for lack of standing. The Court addressed this motion in its February 14, 2014 merits decision. In re Zaremba Group Act 250 Permit Appeal, No. 36-3-13 Vtec, slip op. at 24–27 (Vt. Super. Ct. Envtl. Div. Feb. 14, 2014) (Walsh, J.). The Court held that Mr. Cunningham failed to establish a particularized interest protected by Act 250 Criterion 8 and that he therefore lacked standing under that Criterion in the appeal. Id. at 26–27. The NRB did not file any legal memoranda related to that motion. The NRB now asks the Court to alter or amend that determination under Vermont Rule of Civil Procedure 59(e).

It is within the Court's discretion to grant a Rule 59 motion, and such a motion "allows the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enters., Inc., 164 Vt. 582, 588 (1996) (citing In re Kostenblatt, 161 Vt. 292, 302 (1994)). We have identified four principal reasons for granting a Rule 59(e) motion: (1) "to correct manifest errors of law or fact"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in the controlling law." In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10–11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller & Kane, Federal Practice and

Procedure: Civil 2d § 2810.1); Drumheller v. Drumheller, 2009 VT 23, ¶ 29, 185 Vt. 417 ("Vermont Rule 59(e) is substantially identical to Federal Rule of Civil Procedure 59(e), and we have looked to federal decisions interpreting the federal rule for guidance in applying the Vermont rule."). The grant of a motion to alter or amend "a judgment after its entry is an extraordinary remedy which should be used sparingly." 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1.

The NRB points to no newly discovered or previously unavailable evidence nor to any change in the law. Thus, we only consider whether there was some manifest error of the Court or whether the decision creates a manifest injustice. Finding no such error or injustice, the NRB's motion must be denied. As this Court has noted before, a Rule 59(e) motion to alter or amend is not an opportunity to present arguments or evidence that could have been raised prior to entry of the judgment. In re Moore Accessory Structure Permit, No. 161-6-09 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Feb. 17, 2011) (Wright, J.). Despite disagreeing with the Court's legal analysis, the NRB points to no justification for disturbing our judgment. The Court values the NRB's expertise with Act 250 and appreciates its input. We note, however, that if the NRB wishes the Court to consider its position in rendering legal determinations on issues before the Court, the most efficient, economical, and effective way to present such a position is to file a memorandum with the Court on a pending motion before that motion is decided.

For the reasons stated above, the NRB's motion to alter or amend our February 14, 2014 final merits decision is **DENIED**.

So ordered.

Electronically signed on April 10, 2014 at 10:37 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division


Notifications:
James Allan Dumont (ERN 1948), Attorney for Appellants
Jon Groveman (ERN 5336), Attorney for Interested Person Agency of Natural Resources
Peter Gill (ERN 4158), Attorney for Interested Person Natural Resources Board
David R. Cooper (ERN 4756), Attorney for Appellee Zaremba Group, LLC
Co-Counsel for Appellee James P. W. Goss
Co-Counsel for Appellee Alan P. Biederman